IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ALLEN HARPER, | No. 2:12-CV-1032-CMK-P |
|     Petitioner, | |
|  vs. | ORDER |
| JAMES TILTON, | |
|     Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. This is petitioner's second petition for a writ of habeas corpus filed in this court, challenging the same conviction.

///

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition potentially permissible under § 2244(b)(2) can be filed, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Where a prior petition has been dismissed without prejudice for failure to exhaust state court remedies, the dismissal does not result in an adjudication on the merits and a habeas petition filed in the district court after the initial petition was dismissed is not second or successive. See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000). Neither the United States Supreme Court nor the Ninth Circuit has decided whether a dismissal on statute of limitations grounds constitutes an adjudication on the merits. The Second Circuit has concluded that such a dismissal is a merits determination. See Murray v. Greiner, 394 F.3d 78, 81 (2nd Cir. 2005). While not directly answering the question, the United States Supreme Court cited the Murray decision favorably in Gonzalez v. Crosby, 545 U.S. 524, 533 n.6 (2005). Other courts have followed Murray. See Mullins v. Horel, 2008 WL 3244341 (E.D. Cal. 2008); Richards v. Horel, 2006 U.S. Dist. LEXIS 79443 (E.D. Cal. 2006). This court agrees with the Murray conclusion. In particular, a dismissal without prejudice for lack of exhaustion, which holds open the possibility of a future merits adjudication, is

distinguishable from a timeliness dismissal, which is with prejudice to returning to federal court. Cf. Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990), and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

      Here, petitioner is challenging a 2002 conviction from Sacramento County.  He filed a prior petition, challenging the same conviction, in 2006, case number 2:06cv1190-GHK.  This petition was adjudicated on the merits. (See 06cv1190, Doc. 44).  Judgment was entered on July 21, 2009, and the case was closed. (See 06cv1190, Doc. 59).  Petitioner then appealed this court's decision; a certificate of appealability was denied by the Ninth Circuit Court of Appeals, USCA case number 09-116826.  (See 06cv1190, Doc. 53).

      Petitioner has not provided authorization from the Court of Appeals to file a second or successive petition, and this court therefore lacks jurisdiction to consider the pending petition.  Instead, petitioner filed his application for leave to file a second or successive habeas petition (Doc 2).  This application should have been filed in the Ninth Circuit, not in this court. Accordingly, this action shall be transferred, pursuant to 28 U.S.C. § 1631, to the Ninth Circuit Court of Appeals. See United States v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).  All pending motions are denied without prejudice.

      IT IS SO ORDERED.

DATED: July 5, 2012

                                                     *Craig M. Kellison*
                                                   **CRAIG M. KELLISON**
                                                   UNITED STATES MAGISTRATE JUDGE