**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

GERALD ALLEN HARPER,                                      No. 2:12-CV-1032-CMK-P

        Petitioner,

     vs.                                                                    ORDER

JAMES TILTON,

        Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party was served or appeared in the action.  Pending before the court is  petitioner's motion for reconsideration (Doc. 10), as well as a few other motions and requests.

        Under Federal Rule of Civil Procedure 60(b), the court may grant reconsideration of a final judgment and any order based on, among other things:  (1) mistake, inadvertence, surprise, or excusable neglect;  (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party.  A motion for reconsideration on any of

1  these ground must be brought within a reasonable time and no later than one year of entry of

2  judgment or the order being challenged.  See Fed. R. Civ. P. 60(c)(1).

3            Here, petitioner filed his petition for writ of habeas corpus April 19, 2012.  On

4  July 6, 2012, the court determined it was a second or successive petition, as he was challenging a

5  2002 conviction, which he had already challenged in a 2006 petition that had been adjudicated on

6  the merits.  As petitioner did not provide authorization from the Court of Appeals to file a second

7  or successive petition, the court transferred the petition to the Ninth Circuit Court of Appeals.

8  The Ninth Circuit treated the petition as an application for authorization to file a second or

9  successive petition, which was denied without prejudice to petitioner filing a new application that

10  complied with the Ninth Circuit Rules requirements.  It appears that instead of filing a new

11  application with the Ninth Circuit which met those requirements, petitioner filed his motion for

12  reconsideration in this court.

13            Petitioner has not set forth any argument, under the requirements of Rule 60(b),

14  which would allow the court to reconsider the entry of final judgment based on a mistake,

15  inadvertence, surprise, or excusable neglect; he has not identified any newly discovered

16  evidence; nor has he alleged any fraud, misrepresentation, or misconduct of an opposing party in

17  this action.  Instead, petitioner argues the merits of his petition and contends that respondents

18  suppressed evidence presumably in relation to petitioner's trial.  However, those arguments are

19  unrelated to the court's determination that his petition was a second or successive petition filed

20  without the proper authorization.

21            Petitioner has not provided the court with any basis in which to grant a motion for

22  reconsideration. The court's analysis of petitioner's filings was not erroneous.  Petitioner has

23  failed to follow the proper procedures in attempting to file a second or successive petition.

24  / / /

25  / / /

26  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Accordingly, IT IS HEREBY ORDERED that petitioner's request for reconsideration is denied and all other pending motions are denied as moot.


DATED: April 16, 2013


_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE